# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL OUTLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 1583 |
| | ) | |
| v. | ) | Judge Joan H. Lefkow |
| | ) | |
| CITY OF CHICAGO, PAUL MAZUR, Individually, ALAN STARK, Deputy Commissioner of the Department of Water and Individually, and THOMAS POWERS, Commissioner of the Department of Water and Individually, | ) ) ) ) ) ) ) | Magistrate Judge Daniel G. Martin |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Michael Outley's fourth amended complaint against the City of Chicago and individual officials of its Department of Water alleges discrimination on the basis of race, as well as retaliation, in violation of Titles VI and VII of the Civil Rights Act of 1964, respectively 42 U.S.C. §§ 2000d *et seq.* and 2000e *et seq.*, and 42 U.S.C. §§ 1981 and 1983.[1] He also asserts

---

[1] The court applies the well-established legal principles for assessing a motion to dismiss under Rule 12(b)(6). See *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (holding that although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do; also, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in the plaintiff's favor. *Tamayo* v. *Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

a claim of negligent supervision in violation of Illinois law.[2] Defendants move to dismiss parts of the fourth amended complaint on the bases that Outley has failed to state a valid Title VI claim, his negligent supervision claim is barred by Illinois law, and certain of his claims are time-barred. For the reasons stated below, the motion is granted.[3]

## BACKGROUND

The court described the factual background in its Opinion and Order of March 10, 2015 (Order) (dkt. 71) and will not repeat it here. Where the fourth amended complaint has added additional allegations that bear on the motion to dismiss, they will be discussed as necessary.

## ANALYSIS

**I.    The Title VI Claim**

Title VI prohibits unlawful discrimination in all federally-assisted programs. 42 U.S.C. § 2000d. Outley alleges that the City is a recipient of federal assistance in a variety of public programs and it has discriminated against African-American employees in the Water Department (as alleged in support of his Title VII claims); therefore, the City has violated Title VI. (Dkt. 118 ¶¶ 67–81.) Outley fails to recognize that Title VI is not "another way to reach discrimination in employment practices." *Ahern* v. *Board of Educ.*, 133 F.3d 975, 977 (7th Cir. 1998). To the contrary, "Title VI [provides no] judicial remedy for employment discrimination by institutions receiving federal funds unless (1) providing employment is a primary objective of the federal

---

[2] The court has jurisdiction under 28 U.S.C. § 1331, and venue is appropriate under 28 U.S.C. § 1391(b).

[3] In response to the motion, Outley has voluntarily withdrawn other claims he asserted in the fourth amended complaint: (a) those against the individual defendants under Title VI, Title VII, and for negligent supervision; (b) his "intentional misconduct" claim; (c) his equal protection claim to the extent it invokes retaliation; and (d) his claim for punitive damages against the City, leaving still at issue only the claims addressed within.

aid, or (2) discrimination in employment necessarily causes discrimination against the primary beneficiaries of the federal aid." *Id.* at 978 (quoting *Trageser* v. *Libbie Rehabilitation Center, Inc.*, 590 F.2d 87, 89 (4th Cir. 1978).[4] Neither of these exceptions is apparent within the fourth amended complaint. At least, Outley has not alleged any logical connection between his employment situation and the primary objectives or beneficiaries of any of the City's federally-assisted programs. *See Commodari* v. *Long Island Univ.*, 89 F. Supp. 2d 353, 378 (E.D.N.Y. 2000). Rather, Outley is asserting a straightforward claim explicitly authorized by Title VII of the same civil rights act. The Title VI claim is, at best, superfluous in any event, as he could receive no further relief than is available via his Title VII and § 1981 claims.

Therefore, count V must be dismissed.

## II. The Negligent Supervision Claim

Outley's negligent supervision claim arises from his allegations of race discrimination including failure to promote, disparate treatment, and retaliatory harassment.[5] (Dkt 118 ¶¶ 82–88.) The City argues that this claim should be dismissed because (1) it is barred by § 2-201 of the Illinois Tort Immunity Act (TIA), *see* 745 Ill. Comp. Stat. 10/2-201; (2) the court lacks subject-matter jurisdiction over the claim pursuant to the exclusivity provision in the Illinois Human Rights Act (IHRA), *see* 775 Ill. Comp. Stat. 5/8-111(D); or (3) it is preempted by the Illinois Workers' Compensation Act (IWCA), *see* 820 Ill. Comp. Stat. 305/5(a). Because the argument that the court lacks subject-matter jurisdiction under the IHRA is dispositive, the court does not address the other arguments.

---

[4] *Trageser*'s source for this statement is 45 C.F.R. § 80.3(c)(1) and (3) regarding employment practices in federally assisted programs.

[5] Outley also voluntarily withdrew this claim against the individually-named defendants, so this discussion pertains only to the City.

Section 8-111(D) of the IHRA states that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." Therefore, if Outley's negligent supervision claim seeks redress for a "civil rights violation" as defined by the IHRA,[6] before he can bring the claim in court, he must satisfy the administrative procedures set forth in the Act, which he does not allege that he has done. *Garcia* v. *Vill. of Mount Prospect,* 360 F.3d 630, 640 (7th Cir.2004) ("[T]he Act also limits the jurisdiction of Illinois courts, mandating that any party seeking to pursue a civil-rights claim in Illinois must first exhaust administrative remedies under the Act . . . ."); *see also Flaherty* v. *Gas Research Inst.,* 31 F.3d 451, 458–59 (7th Cir.1994).

A claim for negligent supervision falls within the bounds of the IHRA where "the IHRA 'furnish[es] the legal duty that the defendant was alleged to have breached.'" *Bannon* v. *Univ. of Chicago*, 503 F.3d 623, 630 (7th Cir. 2007) (quoting *Naeem* v. *McKesson Drug Co.*, 444 F.3d 593, 604 (7th Cir. 2006)) (alteration in original). Because Outley's allegations of negligent supervision are based entirely on the City's duty to protect him from racial discrimination and retaliation, he cannot "establish the necessary elements of the tort independent of any legal duties created by the [IHRA]," *Maksimovic* v. *Tsogalis*, 687 N.E.2d 21, 24, 177 Ill.2d 511, 227 Ill. Dec. 98 (1997), and, therefore, his claim is preempted by that Act and must be dismissed.

### III. The Time-Barred Claims

Outley has alleged discriminatory employment practices by defendants reaching back to at least 2010. (*See* dkt. 118 ¶¶ 19–25.) The City argues that the court has already determined that his claims under Title VII for failure to promote are time-barred to the extent they arose before

---

[6] Section 2-102(A) of the IHRA states that it is a civil rights violation for "any employer to . . . act with respect to . . . promotion, . . . discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination," which term is defined in § 1-103(Q) as including "discrimination against a person because of his or her race."

December 17, 2011; and his claims under § 1983 are time-barred to the extent they arose before February 28, 2011.

The City is correct. The fourth amended complaint realleges discriminatory acts occurring before dates determined to be time-barred in the court's previous Order. Although some of these allegations may relate to relevant evidence, Outley explicitly challenges the court's ruling, long after a motion to reconsider would be appropriate. Nevertheless, the court exercises its discretion to consider Outley's argument as if it were such a motion, which may be granted "when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *United States* v. *Ligas*, 549 F.3d 497, 501 (7th Cir. 2008).

Outley does not argue that there has been any change in the law or facts since the Order, nor does he argue that the court misunderstood the arguments or overreached by deciding the time-bar issue. Rather, he makes the same argument that he made in opposition to the earlier motion to dismiss, namely, that he has alleged a continuing violation of both Title VII and § 1983. (Dkt. 140 at 2–6.) The court rejected this argument because counts I and IV are both based entirely on Outley's assertion that defendants have denied him promotion on multiple occasions on account of his race, each of which is a discrete act that "starts a new clock for filing charges." *Adams* v. *City of Indianapolis*, 742 F.3d 720, 730 (7th Cir. 2014) (quoting *Nat'l R.R. Passenger Corp.* v. *Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002)). Because a motion for reconsideration "is not an appropriate forum for rehashing previously rejected arguments," *Ahmed* v. *Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (internal citation

omitted), the court declines to alter its holding regarding the timeliness of Outley's failure to promote and § 1983 claims.

**ORDER**

Defendants' motion to dismiss in part the fourth amended complaint is granted. The City of Chicago is directed to answer counts I and II (limited to conduct that occurred later than December 17, 2011), count III, and count IV (limited to conduct that occurred later than February 28, 2011). Individual defendants are directed to answer counts III and IV (count IV is limited to conduct that occurred later than February 28, 2011).

This case is scheduled for a status hearing on June 13, 2017.

Date: May 31, 2017

_____
U.S. District Judge Joan H. Lefkow